■ MIA HENDERSON-JONES et al., Appellants, v CITY OF NEW YORK et al., Respondents. [959 NYS2d 917]—

Order, Supreme Court, New York County (Arthur Engoron, J.), entered on or about October 16, 2012, which, insofar as appealed from, granted defendants' motion to compel plaintiff Mia Henderson-Jones to submit to an independent medical examination, unanimously affirmed, without costs.

On May 30, 2012, Supreme Court so-ordered a stipulation which provided that defendants are to designate an independent medical examination within 30 days, and to conduct it within 30 days thereafter, or defendants would be deemed to have waived the examination. On June 27, 2012, defendants served a demand designating a "Dr. Michael Aronson," but failing to designate a time for the examination. We reject plaintiffs' argument that defendants' misspelling of the doctor's name and failure to "specify the time" constitutes a waiver of the examination because it violates CPLR 3121 (a) and 22 NYCRR 202.17 (a). Here, "the examination was directed by court order, thus the formalities of a party serving notice of a physical or mental examination are not in issue" (*Paris v Waterman S.S. Corp.*, 218 AD2d 561, 563 [1st Dept 1995], *lv dismissed* 96 NY2d 937 [2001]). Ultimately, defendants were able to secure an examination on August 14, 2012, and it was not an improvident exercise of discretion for Supreme Court to have granted defendants' motion given this short delay (*see Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 746 [2000]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Gonzalez, J.P., Mazzarelli, Renwick, Richter and Gische, JJ.